# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-790V
Filed: May 9, 2023
UNPUBLISHED

| | |
|---|---|
| JACQUELINE STOKES,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Dismissal; Death of Petitioner; Lack of Proper Petitioner; Court of Federal Claim Rule 25 |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner
*Andrew Henning*, U.S. Department of Justice, Washington, D.C., for respondent

## DECISION[1]

Petitioner, Jacqueline Stokes, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*., on June 29, 2020. (ECF No. 1.) She died on March 31, 2021. (ECF No. 36.) The petition is now dismissed due to lack of a proper petitioner to maintain the action, as required by Rule 25(a)(1) of the Rules of the Court of Federal Claims ("RCFC").

### I.   Procedural History

On March 23, 2021, respondent filed a Rule 4 Report recommending against compensation. (ECF No. 25.) Petitioner was ordered to file an expert report supporting

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

her claim; however, in the course of seeking additional time to secure such a report, Mr. Sadaka informed the court on April 1, 2022, that he had become aware that petitioner had passed away.  (ECF No. 33.)  Counsel asked for, and was permitted, time to determine how the family wished to proceed.  A suggestion of death was filed on August 1, 2022, along with a copy of petitioner's death certificate confirming her death on March 31, 2021.  (ECF No. 36.)

Mr. Sadaka filed status reports indicating he had conferred with several family members.  (ECF Nos. 34, 37-38.)  However, on December 7, 2022, Mr. Sadaka filed a status report indicating that petitioner's next of kin had ultimately decided not to set up an estate and not to proceed with the instant action.  (ECF No. 40.)  Mr. Sadaka requested a status conference to discuss the matter further.  (*Id*.)

Following the status conference, I issued an order on January 5, 2023, advising that if no estate representative was substituted as petitioner, then I intend to dismiss this case pursuant to RCFC 25. (ECF No. 41.)  I instructed Mr. Sadaka to serve the January 5, 2023 order, along with the previously-filed suggestion of death, upon the family members referenced in his prior status reports and any other person he has reason to understand may have standing to become petitioner's estate representative.  (*Id*. at 2.)  I ordered Mr. Sadaka to file a certificate of service, which he did on February 6, 2023.  (*Id*.; *see also* ECF No. 42.)  I advised that if no motion to substitute is filed by an estate representative within 90 days of the date of service of the statement noting petitioner's death, this case will be dismissed *sua sponte*.  (ECF No. 41, p. 2.)  The certificate of service indicates that service was completed by U.S. First Class and Certified Mail on January 18, 2023. (ECF No. 42.)  There have been no subsequent filings in the case.

## II.     Legal Standard

The Vaccine Rules allow for claims to be pursued by estate representatives (Vaccine Rule 2(c)) with documentation of their representative capacity, but do not have any specific provisions to deal with the death of the petitioner during the pendency of an action.  Vaccine Rule 1(b) contemplates that some matters may be beyond the scope of the Vaccine Rules and allows for practices that are consistent with the Vaccine Rules and the purpose of the Vaccine Act.  Vaccine Rule 1(c) allows for application of the Rules of the Court of Federal Claims ("RCFC") to the extent they are consistent with the Vaccine Rules.

RCFC 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  The rule further provides that if no motion for substitution is made "within 90 days after service of a statement noting the death, the action by the decedent must be dismissed."  *Id*.; *see also Christner v. Sec'y of Health & Human Servs*., 145 Fed Cl. 633 (2019) (applying RCFC 25(a) to a case brought pursuant to the Vaccine Act).  As applied by the Court of Federal Claims in *Christner*, service of the notice of death must be served on any would-be representative

2

petitioner in the same manner as service is made pursuant to RCFC 5 before the 90-day period for substitution can begin.  *Christner*, 145 Fed. Cl. at 634-35.

### III.     Discussion

The certificate of service filed by Mr. Sadaka establishes that the period within which to substitute a proper party under RCFC Rule 25(a) concluded on or about April 21, 2023. (ECF No. 42; RCFC 25(a); Vaccine Rule 19(c).)  A motion for substitution was not filed during that period.  Accordingly, pursuant to RCFC 25(a)(1), the petition must be dismissed due to the lack of a proper petitioner to maintain the action.

### IV.     Conclusion

For the foregoing reasons, this case is **DISMISSED**.  In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk is directed to enter judgment consistent with this decision.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
